**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PAMELA TOWERS, ) | |
| ) | **JURY DEMANDED** |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. |
| OEC BUSINESS INTERIORS, INC., ) | |
| ) | |
| Defendant. ) | |

### COMPLAINT

Now comes Plaintiff, Pamela Towers (hereinafter "Towers"), by and through her attorneys, RDS Law, LLC, and for her complaint against Defendant, OEC Business Interiors, Inc., (hereinafter "OEC"), states as follows:

### Introduction

1. Plaintiff, Towers, brings this action to redress the unlawful and discriminatory actions of Defendant culminating in the termination of Plaintiff's employment with OEC in violation of Plaintiff's rights under the Constitution of the United States as set forth herein.

### Jurisdiction and Venue

2. Plaintiff seeks relief under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et. seq. and the Illinois Human Rights Act ("IHRA") 775 ILCS 5/1-101.

3. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a).

4. Venue of this action in the United States District Court for the Northern District of Illinois is proper under 28 U.S.C. § 1391(b) because the events giving rise to the claims alleged herein, including Plaintiff's employment and termination, occurred within the Northern District of Illinois.

**The Parties**

5. Plaintiff, Towers, is a citizen and resident of the State of Illinois.

6. Plaintiff was over the age of 40 at the time her employment was terminated.

7. Defendant, OEC does business throughout, Illinois, which, upon information and belief, is its principal place of business.

8. At all relevant times, Defendant OEC has been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

9. OEC is an employer within the meaning of the ADEA.

**Statement of the Case**

10. Towers was hired by OEC, in or about 1995, and she worked continuously, and tirelessly for Defendant as an Account Manager throughout her 18 years of service.

11. As a senior manager, Towers maintained one of the top accounts for the company, and was paid on a commission basis.

12. In late summer of 2012, Towers was notified that her top account was being pulled from her and the supervision of that account was then placed with another, substantially younger, Account Manager.

13. Towers was then told that she no longer had sufficient business to maintain employment.

14. Towers was terminated by OEC on August 29, 2013.

15. During the course of her employment Towers was also subjected to comments and statements by managerial staff that were discriminatory against individuals over the age of 40.

16. Towers' replacement performs the same functions that Towers did and has essentially take Towers' position with the Company

17. Plaintiff filed a charge against the Defendant asserting the facts indicated in this Complaint with the United States Equal Employment Opportunity Commission ("EEOC"), on or about February 20, 2013.

18. No right to sue letter is required under the ADEA.

## COUNT I
### Age Discrimination (29 U.S.C. § 621 et seq.)

19. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-27 of his Complaint as if the same were fully set forth at length herein.

20. OEC discriminated against Towers because of her age in violation of the ADEA by engaging in disparate treatment, a pattern and/or practice of age discrimination.

21. Plaintiff is a member of a protected class because she was 40 years of age or older at the time OEC terminated her employment.

22. Plaintiff was qualified by training and experience to perform, and was satisfactorily performing, the functions of her position.

23. Despite Plaintiff's qualifications, OEC subjected Plaintiff to adverse treatment in the terms, conditions and privileges of her employment and termination due to her age.

24. The reason Defendant gave for terminating Towers was false, pretextual, and orchestrated.

25. Similarly situated employees who are younger than Towers have not been terminated.

26. The effect of OEC's discriminatory practices as described above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee of her age.

27. As a direct and proximate result of OEC's unlawful and willful age discrimination against her, Plaintiff has suffered damages in an amount to be determined at trial, including, but not limited to, lost commissions/wages, bonuses, fringe benefits, retirement and insurance benefits, and other forms of compensation, as well as loss of career opportunity and advancement, costs of seeking alternate income, and in other respects, all in amounts yet to be determined.

28. OEC's unlawful employment practices complained of above were done knowingly, intentionally, and willfully within the meaning of ADEA.

WHEREFORE Plaintiff, respectfully request that this Honorable Court enter judgment against Defendant:

(a) ordering OEC to make whole Plaintiff, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices;

(b) awarding Plaintiff compensatory damages;

(c) awarding Plaintiff exemplary damages for intentional and knowing violations of federal and state laws;

(d) awarding Plaintiff her costs and fees for bringing this action, including reasonable attorneys' fees; and

(e) awarding Plaintiff such other relief as the Court deems just and appropriate under these circumstances.

## COUNT II
### Illinois Human Rights Act (775 ILCS 5/1 et seq.)

29. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-27 of his Complaint as if the same were fully set forth at length herein.

30. OEC discriminated against Towers because of her age in violation of the IHRA by engaging in disparate treatment, a pattern and/or practice of age discrimination.

31. Plaintiff is a member of a protected class because she was 40 years of age or older at the time OEC terminated her employment.

32. Plaintiff was qualified by training and experience to perform, and was satisfactorily performing, the functions of her position.

33. Despite Plaintiff's qualifications, OEC subjected Plaintiff to adverse treatment in the terms, conditions and privileges of her employment and termination due to her age.

34. The reason Defendant gave for terminating Towers was false, pretextual, and orchestrated.

35. Similarly situated employees who are younger than Towers have not been terminated.

36. The effect of OEC's discriminatory practices as described above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee of her age.

37. As a direct and proximate result of OEC's unlawful and willful age discrimination against her, Plaintiff has suffered damages in an amount to be determined at trial, including, but not limited to, lost salary and wages, bonuses, fringe benefits, retirement and insurance benefits, and other forms of compensation, as well as loss of career opportunity and advancement, costs of seeking alternate income, and in other respects, all in amounts yet to be determined.

38. OEC's unlawful employment practices complained of above were done knowingly, intentionally, and willfully within the meaning of IHRA.

WHEREFORE Plaintiff, respectfully request that this Honorable Court enter judgment against Defendant:

    (a) ordering OEC to make whole Plaintiff, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices;

    (b) awarding Plaintiff compensatory damages;

    (c) awarding Plaintiff exemplary damages for intentional and knowing violations of federal and state laws;

    (d) awarding Plaintiff her costs and fees for bringing this action, including reasonable attorneys fees; and

    (e) awarding Plaintiff such other relief as the Court deems just and appropriate under these circumstances.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

                                  Respectfully submitted,

                                  Pamela Towers

                              By: /s/ Robert D. Sweeney_____
                                    One of her Attorneys

Robert D. Sweeney, Esq. (#6238209)
RDS Law, LLC
111 W. Washington St., Ste. 1160
Chicago, IL 60602
312.384.0500